1  KAREN P. HEWITT
   United States Attorney
2  NICOLE ACTON JONES
   Assistant U.S. Attorney
3  California State Bar No. 231929
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-5482
   E-mail: nicole.jones@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 UNITED STATES OF AMERICA,        ) Criminal Case No. 08CR0537-IEG
                                    )
12              Plaintiff,          )
                                    ) **GOVERNMENT'S MOTION FOR:**
13       v.                         )
                                    ) **(1) FINGERPRINT EXEMPLARS**
14                                  ) **(2) RECIPROCAL DISCOVERY**
   FRANCISCO JAVIER                 )
15       GARCIA-MARQUEZ,            ) **TOGETHER WITH STATEMENT OF FACTS**
                                    ) **AND MEMORANDUM OF POINTS AND**
16              Defendant.          ) **AUTHORITIES**
                                    )
17                                  ) Date:  April 14, 2008
                                    ) Time:  2:00 p.m.
18                                  ) Court: The Hon. Irma E. Gonzalez
                                    )
19 _____)

20      COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

21 Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and

22 hereby files its Motion for Fingerprint Exemplars and Reciprocal Discovery in the above-referenced

23 case. Said motions are based upon the files and records of this case together with the attached statement

24 of facts and memorandum of points and authorities.

25 //

26 //

27 //

28

I

**STATEMENT OF THE CASE**

On February 22, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging defendant Francisco Javier Garcia-Marquez ("Defendant") with Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. On March 4, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty.

II

**STATEMENT OF FACTS**

**A.    Defendant's Apprehension**

On January 15, 2008, at about 2:45 a.m., Border Patrol Agent Hernandez observed an individual on the shoulder of the north side of the Interstate 5 freeway, near the Las Pulgas exit ramp. This location is adjacent to Camp Pendleton, California and is 67 miles north of the international border. Agent Hernandez approached the individual to see if he needed help or assistance, but the individual ran into the brush and attempted to conceal himself. Based on his experience, Agent Hernandez knew that illegal aliens use this area to make their way north and they often attempt to walk around the checkpoint. Agents Hernandez and Swain began looking for the individual. After a brief search, Agent Swain found the individual hiding in thick brush. Agent Swain identified himself as a Border Patrol agent and conducted an immigration interview. The individual, later identified as Defendant, admitted to being a citizen of Mexico without legal immigration documents. Defendant was arrested and transported to the San Clemente station.

At the station, Defendant's biographical information, fingerprints and photograph were entered into the IDENT and IAFIS computer databases, which revealed Defendant's criminal and immigration history. At about 5:25 a.m., Defendant was advised of his <u>Miranda</u> rights in the Spanish language. Defendant elected to waive his rights and make a statement. Defendant admitted that he was a citizen of Mexico, he had been deported several times, and did not have permission to enter the United States

\\
\\
\\

**B.    Defendant's Criminal History**

On December 12, 2002, Defendant was convicted of misdemeanor vehicle theft in violation of California Vehicle Code Section 10851. Defendant was sentenced to 13 days in custody and three years probation.

On August 23, 2001 and April 9, 1998, Defendant was convicted of being a deported alien found in the United States and was sentenced to 16 months and 8 months in custody, respectively.

On July 12, 1995, Defendant was convicted of felony receipt of stolen property in violation of California Penal Code Section 496(a). Defendant was sentenced to 180 days in custody and three years probation. Defendant violated the terms of his parole on July 8, 2002 and received 16 months in custody.

By the Government's calculation, Defendant has nine criminal history points and is a criminal history category IV.

**C.    Defendant's Immigration History**

Defendant was deported by an immigration judge on July 1, 1996 and again on January 30, 1997. Defendant was most recently removed from the United States on December 17, 2002.

### III

### UNITED STATES' MOTIONS

**A.    FINGERPRINT EXEMPLARS**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). The privilege against self-incrimination only applies to testimonial evidence. See Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969).

\\

**B.     RECIPROCAL DISCOVERY**

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 61 pages of discovery and one DVD. The Government will conduct a comprehensive review of Defendant's A-file and will produce all relevant A-file discovery. The Government will also provide counsel with the audiotape of Defendant's hearing before an Immigration Judge as soon as the tape is received and a duplicate has been made. Furthermore, the Government will request that the arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or that may be material to the defense. The Government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2. Rule 16(b)(2) requires Defendant to disclose to the United States all exhibits and documents which Defendant "intends to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

## IV

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that its motions be granted.

DATED:  March 25, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0537-IEG |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| FRANCISCO JAVIER GARCIA-MARQUEZ | ) ) ) | CERTIFICATE OF SERVICE |
| Defendant. | ) ) | |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Erick Guzman, Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 25, 2008.

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney